**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Israel Husarsky, <br><br> individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br><br><br><br><br> -v.- <br> Northstar Location Services, LLC, <br> and John Does 1-25. <br><br> Defendants. | **Index No.: 1:20-cv-05323** <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Israel Husarsky brings this Class Action Complaint by and through his attorneys, Stein Saks PLLC, against Defendant Northstar Location Services, LLC ("Northstar"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing

1

laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et seq.  The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of New York, County of Queens, residing at 8411 117th Street, Richmond Hill, New York 11418.

8.      Defendant Northstar is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 4285 Genesee Street Cheektowaga, New York 14225.

9.      Upon information and belief, Defendant Northstar is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.      John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11.      Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12.      The Class consists of:

    a.   all individuals with addresses in the State of New York;

    b.   to whom Defendant Northstar sent a collection letter;

    c.   attempting to collect a consumer debt;

    d.   in three sub-classes where the letter

        1.   states that the consumer has agreed to a payment arrangement although the consumer never agreed to any payment arrangement;

        2.   provides a payment due date that predates the date of the collection letter;

        3.   fails to state whether or not the listed payment arrangement is to settle the debt in full;

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the forms **attached as Exhibit A**, violate 15 U.S.C. § l692e and §1692f.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a

large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats the above paragraphs as if set forth here.

21.     Some time prior to August 18, 2020, an obligation was allegedly incurred to Barclays Bank Delaware.

22.     The obligation arose out of a transaction in which money, property, insurance or services, of which the subject transactions, were incurred for personal purposes, specifically a Barclays Bank Delaware credit card used for these types of transactions.

23.     The alleged Barclays Bank Delaware obligation is a "debt" as defined by 15 U.S.C. § 1692a (5).

24.     Barclays Bank Delaware is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25.     Upon information and belief Barclays Bank Delaware contracted with the Defendant to collect the alleged debt.

26.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation - August 18, 2020 Collection Letter*

27.     On or about August 18, 2020, Defendant sent the Plaintiff a collection letter regarding the alleged debt owed to Barclays Bank Delaware.  A copy of this letter is attached as **Exhibit A**.

28.     The collection letter states: "This letter will confirm your agreement with the following payment arrangement(s)."

29.     Plaintiff never agreed to this, or any, payment arrangement.

30.     The Letter is false, deceptive and misleading in claiming the consumer is a party to a payment agreement to which the consumer never agreed.

31.     The Letter then lists three payments of $50.00 each, due on August 17, 2020, September 17, 2020 and October 17, 2020, based on this "agreement".

32.     The due date for the first of the alleged payments is August 17, 2020 — one day *before* the date of the letter itself, and many days before Plaintiff actually received the letter.

33.     The letter is therefore unfair and unconscionable in proposing a factually impossible payment arrangement.

34.     The letter also fails to state whether or not the debt will be considered settled if the consumer makes the listed payments.

35.     As a result of Defendant's deceptive, misleading, unfair and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

36.     Plaintiff repeats the above paragraphs as if set forth here.

37.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

38.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

39.     Defendant violated said section by:

    a.  Making a false and misleading representation of the settlement status and character of the debt in violation of §1692e (2);

    b.  Using false and deceptive means to collect a debt in failing to state whether or not a settlement offer would be considered payment in full, in violation of §1692e (10).

40.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

41.     Plaintiff repeats the above paragraphs as if set forth here.

42.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

43.     Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

44.     Defendant violated this section by

   c.   Utilizing unfair and unconscionable means to collect a debt by offering a payment arrangement with which it was factually impossible to comply as the offer and receipt thereof occurred after the due date for the first settlement payment.

45.    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

46.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Israel Husarsky, individually and on behalf of all others similarly situated, demands judgment from Defendant Northstar as follows:

    i.   Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq. as Class Counsel;

    ii.   Awarding Plaintiff and the Class statutory damages;

    iii.   Awarding Plaintiff and the Class actual damages;

    iv.   Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    v.   Awarding pre-judgment interest and post-judgment interest; and

vi.    Awarding Plaintiff and the Class such other and further relief as this Court may

deem just and proper.

Dated: November 3, 2020                          Respectfully submitted,

                                                 **Stein Saks PLLC**


                                                 /s/ Eliyahu Babad____
                                                 By:  Eliyahu Babad, Esq.
                                                 285 Passaic Street
                                                 Hackensack, NJ 07601
                                                 Phone: (201) 282-6500 ext. 121
                                                 Fax: (201) 282-6501

                                                 *Attorneys for Plaintiff*